OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS
CARTER, Judge:
In a Petition for Extraordinary Relief in the Nature of a Writ of Mandamus and Application for Stay of Convening Authority Action, petitioner asks this court to direct the convening authority to order a post-trial hearing under Article 39(a), Uniform Code of Military Justice, 10 U.S.C. § 839(a) (1990) *909 [hereinafter UCMJ], to inquire into allegations of unprofessional misconduct. Petitioner specifically alleges “perjury by the Staff Judge Advocate, subornation of peijury of trial witnesses by the Staff Judge Advocate and prosecutors, destruction of evidence by investigators and prosecutors, and withholding of evidence specifically requested by the defense.” We deny petitioner’s requests because his petition fails to substantiate any extraordinary circumstance warranting intervention by this court.
History of the Case
In March 1998, a general court-martial composed of officer and enlisted members convicted petitioner, contrary to his pleas, of one specification of obstruction of justice in violation of Article 134, UCMJ. Petitioner, the former Sergeant Major of the Army, was acquitted of a variety of other charges and specifications. Petitioner was sentenced to a reprimand and reduction to E8.
After trial, petitioner’s civilian counsel filed sealed papers with the military judge asking for a post-trial Article 39(a), UCMJ, session to investigate the same allegations made in this petition. The only evidence supporting this request was an “unsworn declaration under penalty of perjury” made by civilian defense counsel under 28 U.S.C. § 1746. The military judge denied the defense request. On 27 July 1998, petitioner’s civilian counsel filed the same request with the convening authority, along with a more detailed unsworn declaration by the civilian defense counsel. On 26 August 1998, the convening authority denied petitioner’s request for a post-trial hearing, determining “that the issues you have raised, if true, would not substantially affect the finding of guilty or the sentence in this case.” Petitioner personally filed this petition with this court on 28 August 1998. That same day, the convening authority approved and ordered executed the adjudged sentence in petitioner’s ease.
Dual Supervisory Responsibility over Military Justice
When Congress enacted the Uniform Code of Military Justice, it created a system of shared responsibility for the administration of military justice in the Army between this court and The Judge Advocate General (TJAG). For example, Article 6(a), UCMJ, directs The Judge Advocate General to “make frequent inspection in the field in supervision of the administration of military justice.” During these “Article 6 inspections,” TJAG consults with staff judge advocates, convening authorities, defense counsel, trial judges, and others to ensure that the local military justice system is being administered fairly and efficiently. This court has no involvement whatsoever in these inspections.
On the other hand, Congress invested in this court the sole statutory responsibility for expeditiously adjudicating appeals by United States Army representatives of certain adverse trial rulings during an ongoing court-martial. Unlike normal appeals under Article 66, UCMJ, these government appeals are made “directly” from the field to this court, bypassing TJAG completely. UCMJ art. 62.
Congress created a bifurcated statutory scheme for the appellate review of completed courts-martial, depending upon the sentence approved by the convening authority. Article 66(b), UCMJ, mandates that TJAG refer to this court for appellate review every case in which the approved sentence includes death, dismissal, a punitive discharge, or confinement for one year or more, unless appellate review has been waived or withdrawn. Article 69(a), UCMJ, mandates that TJAG review and examine in his own office every general court-martial with a finding of guilty that is not reviewed by this court under Article 66, UCMJ, unless the accused waives or withdraws appellate review. Article 69(b), UCMJ, grants TJAG appellate review authority for all other courts-martial not reviewed under Articles 66 or 69(a), UCMJ.
Because of the petitioner’s approved sentence, TJAG has statutory responsibility under Article 69(a), UCMJ, for appellate review of this case. Assuming arguendo that this court has extraordinary writ jurisdiction to intervene in such a case, we should not and will not, absent some truly compelling reason, usurp the responsibility imposed by Congress on TJAG to review petitioner’s case. See generally Dew v. United States, 48 M.J. 639, 648-49 (Army Ct.Crim.App.1998), *910 for a discussion of the extraordinary requirements for a writ of mandamus.
Petitioner’s Reasons for Granting the Writ
Petitioner asserts four different reasons why this court should issue a writ of mandamus. We find that none of these reasons provides a basis for extraordinary relief in this case.
First, petitioner alleges he has no other adequate means of obtaining the relief he seeks. Petitioner is wrong. Rule for Courts-Martial 1102(d) [hereinafter R.C.M.] provides that a convening authority may direct a post-trial Article 39(a), UCMJ, session anytime before he takes action on the case “or at such later time as the convening authority is authorized to do so by a reviewing authority” (emphasis added). Because of the approved sentence, TJAG is the “reviewing authority” for this court-martial. See Article 69, UCMJ, “Review in the office of the Judge Advocate General” and Manual for Courts-Martial, United States (1995 ed.), app. 21, R.C.M. 1102(d) analysis, at A21-76 (TJAG is a reviewing authority). Accordingly, petitioner can obtain the requested relief from TJAG under Article 69(a), UCMJ, and R.C.M. 1102(d).
Second, petitioner claims that in the absence of a writ “he will be prejudiced in a way not correctable on appeal because he has no appeal as of right” (emphasis in original). This assertion reflects a failure to understand fully the Uniform Code of Military Justice. Article 61, UCMJ, provides specific provisions for “waiver or withdrawal of appeal” by an accused for each case “subject to appellate review” under Articles 66 or 69(a), UCMJ. Article 69(a), UCMJ, expressly authorizes TJAG to set aside or modify the findings or sentence or both, of any court-martial reviewed under that statute, if “unsupported in law or if reassessment of the sentence is appropriate.” Additionally, Article 38(c)(1), UCMJ, provides that in any court-martial resulting in a conviction, the defense counsel “may forward for attachment to the record of proceedings a brief of such matters as he determines should be considered in behalf of the accused on review.” In short, Congress has established a statutory appeal process for this case under Article 69(a) of the Uniform Code of Military Justice and petitioner should use it.
Third, the petitioner asserts that the convening authority’s decision not to order a post-trial Article 39(a), UCMJ, session is wrong as a matter of law. The fact that petitioner disagrees with the convening authority’s decision is hardly an extraordinary circumstance. Many assignments of error in ordinary appellate cases raise issues challenging the correctness of a particular ruling as “a matter of law.” Petitioner is entitled to an adjudication of this issue on appeal, but not in an extraordinary writ. The Judge Advocate General can review this issue, if raised to him, during his review of petitioner’s court-martial under Article 69(a), UCMJ.
Finally, petitioner claims that the convening authority’s “failure to order a post-trial session raises a new and important problem in military justice which has to date been unresolved by the military appellate courts.” Petitioner describes this “new and important problem” as follows: “there is no case law concerning the responsibility of a Convening Authority under R.C.M. 1102 to order a post-trial hearing when confronted with evidence of misconduct affecting the structural integrity of a court-martial” (emphasis in original).
A post-trial Article 39(a), UCMJ, session may be called to resolve “any matter which arises after trial and which substantially affects the legal sufficiency of any findings of guilty or the sentence.” R.C.M. 1102(b)(2). In our judgment, whether such a post-trial session is required in any particular case is a factual question based upon the circumstances of that case. Additionally, sound judicial practice mandates that we not create new law or expand judicial scholarship in the absence of a legitimate case or controversy.
In this case, civilian defense counsel has raised serious professional misconduct allegations against three military attorneys and one legal administrator. The unsworn declarations provided in support of these allegations are based entirely on unsworn statements made to civilian defense counsel by *911 one of the witnesses in this case. During the trial, the civilian defense counsel apparently attacked the veracity of this same witness as a person whose sworn testimony could not be believed. This same civilian defense counsel now argues to the convening authority and this court that a post-trial session is required based upon the defense counsel’s summaries of unsworn statements, retracting or contesting prior sworn statements, by this same, heretofore, “unbelievable” witness.
Petitioner attached to this petition his R.C.M. 1105 submission to the convening authority. In that document, civilian defense counsel acknowledged that the substance of the recorded telephone conversation between this same witness and petitioner “was undisputed at trial.” This tape recording, and the petitioner’s own words thereon, along with the testimony of the witness and petitioner about that conversation, were apparently the principal pieces of evidence supporting petitioner’s conviction of obstruction of justice. Petitioner’s request for a post-trial session to investigate alleged unethical conduct by members of the staff judge advocate’s office* does not explain how such conduct, even if true, affected the substance of petitioner’s own words on the recorded telephone conversation. Accordingly, we do not find that the convening authority’s decision not to order a post-trial Article 39(a), UCMJ, hearing presents any extraordinary basis for intervention by this court.
Decision
Petitioner’s assertions, jointly and severally, fail to demonstrate extraordinary matters justifying intervention by this court in this case.
Petitioner’s request for a writ of mandamus is DENIED.
Senior Judge TOOMEY and Judge KAPLAN concur.

 We note that Army Reg. 27-1, Judge Advocate Legal Services, Chapter 7 (3 February 1995), contains established procedures for processing professional conduct inquiries of alleged or suspected violations of the Army Rules of Professional Conduct for Lawyers for attorneys who are subject to the disciplinary authority of TJAG pursuant to R.C.M. 109.